No. 4.—David B. M. Sheppard, plaintiff in error, *vs.* William A. Sheppard, *et al.* defendants in error.

A marriage being in contemplation between David B. M. S., and Mary J. M., it was "covenanted and agreed" by him, on the one part, and her and certain persons as her trustees, on the other,—That the right to the property then held by her, or that might afterwards come to her, should "forever remain in her," by whatsoever name she might assume, "and to the issue of her body forever;" that no part of the property should ever be subject to any debt of his; that he, with her, should enjoy the profits of the property during her life; "she reserving to herself the right in all cases, with the consent of the trustees, to sell, bargain, grant, or convey, either by deed, will, or otherwise," any part of the property; and that if she should "die intestate, and without issue," the property was to be divided into halves, one of which was to go to him, the other in equal parts to her mother and the children of her sister, Elizabeth G. M.

The marriage took place; she had three children; she died intestate.
*Held,* That these children took the property in preference to David B. M. S.

In equity, in Liberty Superior Court. Decision on demurrer, by Judge FLEMING, at chambers, 14th May, 1857.

This bill was filed by William A. Sheppard, David W. Sheppard, and Rosa E. Sheppard, minor children of David B. M. Sheppard, by Simon A. Fraser, their next friend, against the said David B. M. Sheppard, administrator of Mary E. Sheppard, deceased, late wife of said defendant, and the mother of complainants.

The bill alleges that the defendant, and their mother, then Mary J. Martin, on or about the 11th of May, 1843, in contemplation of a marriage then about to be solemnized between them, made and executed a marriage settlement, by which they covenanted and agreed that the right and title to the estate then held by said Mary J. should forever remain in her, by whatever name she might assume, and to the issue of her body forever; and also all property that she might thereafter possess or obtain by will, deed, or otherwise; that it was further covenanted and agreed that the said defendant should enjoy with the said Mary, the profits so long as she

should live; she reserving the right, with the consent of the trustees named in said deed, to sell or convey by deed, will, or otherwise, any portion of said property.

And it was further covenanted and agreed between the parties, that if the said Mary J. should die intestate, and without issue, then the aforesaid property should be divided, one half to the defendant, her intended husband, and the other half to be equally divided between Lauretta Martin, her mother, and the children of her sister Elizabeth G. Mann.

The bill further alleges that after the execution of said marriage settlement, the marriage was solemnized between the defendant and the said Mary J. Martin, and afterwards, on or about the day of        18  , the said Mary J. departed this life, leaving complainants, who are her children, the issue of her body, her surviving; and that since her death, the defendant has taken out letters of administration on her estate, and as such administrator, has taken possession of thirty slaves, (naming them) contained in the said marriage settlement, and all the other property belonging to said Mary J. mentioned and referred to in said settlement.   The bill charges, that under said settlement, all said property belongs to complainants as the children of said Mary J.. and they pray that the same be delivered to them and that defendant account for the hire of the negroes, and the rents and profits of the other property, accruing since the death of their mother.

The following is a copy of the settlement appended as an exhibit to the bill :

STATE OF GEORGIA, } Whereas, a marriage is intended to
   Liberty County.    } be held and solemnized between David B. M. Shepphard, of Chatham county and the aforesaid State, and Mary J. Martin of Liberty county and State aforesaid, and whereas the said Mary J. Martin doth now possess in her own right a considerable property, together with the third part of the undivided estate of M. M. Martin, her

brother, now deceased: Now, before the solemization of the intended marriage, it is covenanted and agreed upon by the said D. B. M. Shepphard, on his part, and Mary J. Martin, Richard F. Baker, Wm. G. Martin, and Simon A. Fraser, trustees of the said Mary J. Martin, on the other part, that the right of title to said estate now held or claimed by the said Mary, shall forever remain in her, the said Mary J. Martin, by whatever name she may assume, and to the issue of her body forever. Also, all property, whether real or personal, or in money, that the said Mary may hereafter possess, or obtain, either by will, deed, or otherwise, by whatever name she may assume, or be hereafter called. And it is further covenanted and agreed upon by the parties to these presents, that no part of the estate herein specified or alluded to, whether the same be real or personal, or mixed, shall at any time be subject to any debt contracted by, or any judgment or execution awarded against the said D. B. M. Sheppard, prior or subsequent to the day of the date of these presents. And it is further covenanted and agreed upon by the parties, that the said D. B. M. Sheppard shall enjoy, with the said Mary, the profits arising from said property, so long as the said Mary shall live, she, the said Mary, reserving to herself the right, in all cases, with the consent of the trustees, to sell, bargain, grant, or convey, either by deed, will, or otherwise, any part or portion of said property that now is, or ever after this may be vested in said Mary, by whatever name she may hereafter assume. And it is further covenanted and agreed upon by the parties, that if the said Mary shall die intestate, and without issue, then the aforesaid property to be divided, half to the said D. B. M. Sheppard, her intended husband, and the other half to be equally divided between Lauretta Martin her mother, and the children of her sister Elizabeth G. Mann.

In witness whereof the parties have hereunto set their hands and seals, this eleventh day of May, one thousand

eight hundred and forty-three—(interlineation done before signing.)

DAVID B. M. SHEPPARD, *L. S.*

MARY J. MARTIN, *L. S.*

RICHARD F. BAKER, *L. S.*

WM. G. MARTIN, *L. S.*

S. A. FRASER, *L. S.*

Signed and sealed in presence of

J. S. BRADWELL,

W. MARTIN FRASER,

SAMUEL BAKER.

Duly proved and recorded the 3d July, 1843.

By E. WAY, *Clerk.*

A true copy from the Records of Liberty county.

S. A. FRASER, *C. S. C. L. C.*

*(Indorsed on Bill of Complaint.)*

Service acknowledged. Process and subpœna waived, March 1st, 1856.

HARDEN & LAWTON, *Defendant's Solicitors.*

And afterwards, at the April Term, in said year (1856,) of said Superior Court, the said defendant, David B. M. Sheppard, administrator as aforesaid, appeared by his solicitors, and filed the following general demurrer:

LIBERTY SUPERIOR COURT.

*In Equity.*—The demurrer of David B. M. Sheppard, administrator, &c., of Mary J. Sheppard deceased, defendant, to the bill of complaint of William A. Sheppard, Rosa E. Sheppard, and David W. Sheppard, infants, by their next friend Simon A. Fraser, complainants:

This defendant by protestation not confessing or acknowledging all or any of the matters and things in the said bill of complaint contained to be true in such manner and form as the same are therein and thereby set forth and alledged, doth demur in law to the said bill, and for cause of demurrer showeth, that the said complainants have not, by their said

bill, made such a case as entitles them in a court of equity to any discovery or relief from or against this defendant, touching the matters contained in the said bill, or any of such matters.

Wherefore, and for divers other good causes of demurrer appearing in the said bill of complaint, this defendant doth demur to the said bill, and to all the matters and things therein contained, and prays judgment of this honorable court whether he shall be compelled to make any further or other answer to the said bill : and he humbly prays to be hence dismissed with his reasonable costs in this behalf sustained.

HARDEN & LAWTON,
*Defendant's Solicitors.*

Filed this 21st April, 1856.

S. A. FRASER, *Clerk.*

After argument had, in vacation, Judge FLEMING overruled the demurrer, holding that complainants, as the children of said Mary J. under the terms and provisions of the marriage settlement, were entitled at her death to the whole property therein contained.

To this decision, defendant excepted, and assigns error.

HARDEN & LAWTON, for plaintiff in error.

WARD & OWENS; and JONES, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

It is impossible for us to reverse the judgment of the Court below in this case, without overruling *Holmes vs. Liptrot*, 8 *Ga. Rep.* 279.

That case has been directly attacked by the plaintiffs in error; and it has indirectly been admitted by them; and therefore it is perhaps, that the case has not been defended by the other side.

We are not asked to overrule the case.

We are but two of the three Judges.

We therefore, are not prepared to entertain the question, whether the case should not be overruled.

If that case is not overruled, the judgment in this, must be affirmed; for that was a case in which the only person mentioned as the person in whose favor the covenant of the husband was to operate, was the wife, and yet the Court held, that the covenant was fatal to him, in a contest between him, and the wife's *children;* and this is a case in which there is just such a covenant by the husband, and in which there are also other covenants by him, and it is a question by no means free from difficulty, whether those *other* covenants are not, *of themselves,* fatal to the husband's pretensions.

Upon the whole, we say, that we cannot reverse the judgment of the Court below.

Speaking for myself, I must say also, however, that I very much doubt, *Holmes vs. Liptrot.*

Judgment affirmed.